every insurance company that may transact any insurance business in this State, an annual occupation tax of Twenty-five Dollars ($25.00). By 'general agent' as used herein, is meant any person, whether a member of a firm or association, or as representative or employee, who may exercise a general supervision over the business of any insurance company in this State, or over local agencies of such insurance companies, or any person supervising such business, or any part thereof, as contradistinguished from a local agent or local agency. By 'special agent' as used herein, is meant any person, whether a member of a firm or association, or as representative or employee, who may exercise supervision in any executive capacity, other than of an officer of such company, over the business of any insurance company in this State, or over the adjustment of losses or the placing of risks. But one payment of the annual occupation tax herein imposed shall be required of any one person under this subdivision.'

"In collecting the occupation taxes levied by this Article by this department the question has arisen as to whether an employee of an insurance company is subject to the payment of this tax. (The employee may be employed on whole or part-time basis, he may be compensated either on salary or commission.)

"I will thank you to advise this department whether such employee is subject to the tax levied by Section 10 of Article 7047, R. C. S., 1925.

"If you answer the foregoing question in the affirmative, then I refer you to Article 7064(a), R. C. S., and specifically to that portion which reads: 'The taxes aforesaid shall constitute all taxes and license fees collectible under the laws of this State against any such insurance organizations, except the fees provided for under Article 3920, Revised Civil Statutes of Texas of 1925, as amended by Acts of the Forty-second Legislature of 1931, Chapter 152, Section 1, and no other taxes shall be levied or collected by any county, city, or town except State, county and municipal ad valorem taxes upon the real and personal

property of such insurance organizations. As amended Acts 1941, 47th Leg., H. B. #6, Art. XVIII, ¶ 2.'

"Then, is such an employee exempt from paying the taxes levied under Section 10 of Article 7047 by reason of the above quoted language in Article 7064(a)?"

By supplemental letter of May 25, 1942, you request us to determine the constitutionality of Sections 10(a) and (b) of Article 7047, Vernon's Texas Civil Statutes, quoted above from your original letter of submission.

Prior to its last amendment, Subdivision 10 of Article 7047, Vernon's Texas Civil Statutes, did not, in express terms, include an "employee" of an insurance company performing the statutory duties of "general agent" or "special agent," as subject to the tax thereby levied. To illustrate, subdivision 10 of said Article then defined "general agent" as follows:

"10.   Insurance Adjusters and General Agents.-- For each person acting as a general adjuster of losses, or agents of fire and marine insurance companies, who may transact any business as such in this state, an annual occupation tax of fifty dollars. By 'general agent' as used in this law, is meant any person or firm representative of any insurance company in this state, or who may exercise a general supervision over the business of such insurance company in this state, or over the local agency thereof in this state, or any subdivision thereof."

The Attorney General of Texas on May 10, 1930, ruled that under the language of this statute a person in the full-time employ of an insurance company, on a salary, would not be liable for the occupation tax levied thereby, even though he performed duties in connection with such employment as insurance general agent or insurance adjuster. It was specifically noted in said opinion that the statute under consideration did not use the word "employee" or "employed by" in connection with the description or definition of said "general adjuster" or "general agent."

Subsequent to this opinion and apparently to overcome the results reached thereby, the Legislature, in 1931, amended Subdivision 10 of Article 7047, Vernon's Texas Civil Statutes,

into its present form to expressly include the words "employed by an insurance company," or "employee," within the concept and definition of "insurance adjuster," "general agent," or "special agent," sought to be taxed.

In view of this legislative history and background and the direct and unequivocal terms employed to effect such purpose, no doubt can be entertained but that the Legislature intended to bring squarely within the incidence of this occupation tax every person performing any of the duties or pursuing the business of an "insurance adjuster," "general agent" or "special agent," as specifically defined by statute, whether such person is employed on a commission basis and is generally known as an "adjuster" or "agent," or whether such person is employed either whole or part-time on a salary basis, by the insurance company, and is commonly known as an "employee" of such company.

The language of the statute requiring no interpretation at our hands, it remains to be determined whether or not said Act, amended so as to embrace an "employee" of an insurance company, as well as an "agent," infringes Article 8, Section 1, Constitution of Texas, providing: "The Legislature may impose * * * occupation taxes both upon natural persons and upon corporations, other than municipal, doing business in this State."

The business of acting as an insurance adjuster or as a general or special agent of an insurance company is a well-recognized and established business and practically all states have laws licensing such agents under the police or regulatory powers or taxing such agents and adjusters under the tax powers of the state. The fact that such business is conducted as an agency of an existing insurance corporation or firm, rather than as an independent business, has never, under any priciples or authorities which we have found or been referred to, removed such businesses from the field of taxation by a State.

"Occupation" as commonly understood and as the term is used in the statute relating to occupational taxes has been, by the courts of this and other states, construed to mean vocation, calling, trade, the business which one principally engages in to secure a living or obtain wealth. 27 Tex. Jur. 896. Joliff vs. State, 109 S. W. 176; Cohen vs. State, 110 S. W. 66; State vs Austin Club, 33 S. W. 113, 30 L. R. A. 500; Words & Phrases, Vol. 29, p. 156, et seq. We have not found the rule laid down in any case that the test of whether or not a person is following or engaged in an occupation, business, vocation or trade is whether or not he is paid

for his labors on a commission basis or on a salary basis. Rather, the question hinges upon whether or not he is devoting his time, energy and skill in the pursuit of an occupation, vocation or trade for the purpose of earning a livelihood or making money.

Therefore, to determine here whether or not a person is following one of the occupations sought to be taxed by subdivision 10 of this Article, we must look to the nature and scope of his occupation and business rather than the medium of payment which obtains in such business to compensate him for his labors or whether he is called an "agent" or an "employee." Happily, in the instant case, the Legislature has, by express definition, laid down the nature and scope of the business which it intended to tax; and if any person is pursuing such business, as statutorily defined, a tax will accrue regardless of the method of recompense or the name which may be mistakenly attached to such employment.

Hence, referring to the statute quoted above, it will be seen that an "insurance adjuster," a "general agent" or a "special agent," from the very nature of the functions and duties described and defined, exercises discretionary control and general supervision in an executive capacity over the business of an insurance company in the State or district, or over the adjustment of losses, the placing of risks or over local or recording agencies of the company in the State. In other words, such acts in a representative capacity for and in behalf of the company, rather than in the mere clerical capacity of the ordinary employee, as that term is used in strict law. The line of demarcation between an agent and employee is sometimes difficult to draw; but such discussion would be fruitless here, because it was never the intention of the Legislature and is not now our holding that a mere employee or servant of an insurance company, as that term has been defined by the courts, in a strict legal and technical sense, should fall within the purview and scope of this tax measure. Rather it is our opinion and we so advise, that to determine taxability in any given instance, reference must be had solely to the nature and scope of the business performed without regard to whether such person calls himself or is called by the company an "employee," or whether any of the other factors outlined in your letter regarding duration of employment and method of payment, are found to exist. We find no requirement in this tax measure that to constitute a person an "insurance adjuster" or a "general agent" or a "special agent" of an insurance company, he must be paid on a commission basis and be called an adjuster or agent, but rather the test of taxability is whether or

not he acts in the discretionary or executive capacity set forth in the statutory definition and performs duties of supervision and judgment over the adjustment of losses and placing of risks, all as defined. If this is found to exist in any given instance such person is doubtless, even in strict law, an agent of the company rather than an employee and will be pursuing a business or occupation which is generally recognized to be taxable. The term "employee," and the other language added by the last amendment of this Act, was doubtless incorporated by the Legislature, in a spirit of abundant caution, to circumvent any evasion of this occupation tax by the device of paying one who is, in fact, an insurance adjuster or a general or special agent, in so far as his duties are concerned, on a salary basis rather than a commission basis and calling him an employee of the company. If all the terms and requirements of the statutory definition are present then we find that a business is being pursued within the constitutional sense so as to be subject to an occupation tax, and neither the spirit nor the letter of Article 8, Section 1, Constitution of Texas, is infringed, by the statute under consideration.

Lastly, we find that Article 7064(a) Vernon's Texas Civil Statutes, quoted in your letter of submission, will not bar the collection of the occupation tax levied by Subdivision 10 of Article 7047, Vernon's Texas Civil Statutes. Quite true the statutes adverted to was enacted subsequent to the tax measure under consideration here, as last amended, so as to control and impliedly repeal the latter earlier Act, in so far as the two are inconsistent and irreconcilable. But we do not find such a condition to exist because the exemption afforded in Article 7046a, Vernon's Texas Civil Statutes, of certain insurance organizations from all taxes or license fees except the gross receipts tax levied on such insurance companies, does not run to persons engaged in the businesses taxed by Subdivision 10 of Article 7047, Vernon's Texas Civil Statutes. The occupation tax, based upon gross premiums received by certain insurance companies, which is provided by Article 7064a, Vernon's Texas Civil Statutes, to be the only tax on such companies, is against persons, firms or corporations engaged in the business of insurance in this state, while the occupation tax levied by Subdivision 10 of Article 7064, Vernon's Texas Civil Statutes, under consideration here, does not rest upon the company but upon insurance adjusters and certain general or special agents of the company. Two different businesses are involved (See State vs. Woods, et al, 3 So. 543) and therefore said Article 7064a, Vernon's Texas Civil Statutes, has no relation to the instant question.

Trusting the foregoing fully answers your inquiry and with our appreciation for the able briefs submitted by interested parties in connection with this question, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Pat N. Neff, Jr.
Assistant

PNN:ej

APPROVED JUL 18, 1942

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN